Justice Souter,
with whom Justice Ginsburg joins, concurring in part and dissenting in part.
Save as to one point, I agree with Justice Breyer’s concurring opinion, which in turn concurs with the opinion of the Court, subject to the three qualifications Justice Breyer explains. I have, however, a further reservation that puts me in the dissenting column.
The disposition of the case turns on the construction of the language from 25 U. S. C. § 479, “any recognized Indian tribe now under Federal jurisdiction.” Nothing in the majority opinion forecloses the possibility that the two concepts, recognition and jurisdiction, may be given separate content. As Justice Breyer makes clear in his concurrence, the statute imposes no time limit upon recognition, and in the past, the Department of the Interior has stated that the fact that the United States Government was ignorant of a tribe in 1934 does not preclude that tribe from having been under federal jurisdiction at that time. See Memorandum from Associate Solicitor, Indian Affairs, to Assistant Secretary, Indian Affairs, Request for Reconsideration of Decision Not to Take Land in Trust for the Stillaguamish Tribe (Oct. 1, 1980), Lodging of Respondents 7. And giving each phrase its own meaning would be consistent with established principles of statutory interpretation.
*401 During oral argument, however, respondents explained that the Secretary’s more recent interpretation of this statutory language had “understood recognition and under Federal jurisdiction at least with respect to tribes to be one and the same.” Tr. of Oral Arg. 42. Given the Secretary’s position, it is not surprising that neither he nor the Tribe raised a claim that the Tribe was under federal jurisdiction in 1934: they simply failed to address an issue that no party understood to be present. The error was shared equally all around, and there is no equitable demand that one side be penalized when both sides nodded.
I can agree with Justice Breyer that the current record raises no particular reason to expect that the Tribe might be shown to have been under federal jurisdiction in 1934, but I would not stop there. The very notion of jurisdiction as a distinct statutory condition was ignored in this litigation, and I know of no body of precedent or history of practice giving content to the condition sufficient for gauging the Tribe’s chances of satisfying it. So I see no reason to deny the Secretary and the Narragansett Tribe an opportunity to advocate a construction of the “jurisdiction” phrase that might favor their position here.
I would therefore reverse opportunity for respondents to pursue a “jurisdiction” claim and respectfully dissent from the Court’s straight reversal.*

Depending on the outcome of proceedings on remand, it might be necessary to address the second potential issue in this case, going to the significance of the Rhode Island Indian Claims Settlement Act, 25 U. S. C. § 1701 et seq. There is no utility in confronting it now.